# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| MANDRIEZ RAMON SPIVEY, | : |
| Plaintiff | : |
| VS. | : |
| Nurse PAM STEVENS; | : |
| Sheriff BUTCH REECE; | : |
| Lt. MONICA SENN; | : |
| CO2 ALBRIGHT; | : |
| Captain MOSTELLER; | : |
| Sgt. MURRY; | : |
| | NO. 5:11-CV-81(MTT) |
| Defendants | : |
| | **ORDER & RECOMMENDATION** |

Plaintiff **MANDRIEZ RAMON SPIVEY**, an inmate at Georgia Diagnostic and Classification Prison in Jackson, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

Plaintiff has paid the $350.00 filing fee and a filed a recast complaint as ordered by the Court. (Doc. 24, 31).

## *I. REQUESTS FOR DISCOVERY*

Plaintiff has filed two motions for discovery. (Doc. 27, 30). Plaintiff's requests are premature at this time because the Defendants have not yet filed an answer or dispositive motion. Plaintiff may conduct discovery at the appropriate time, as is explained below in this Order and Recommendation under the heading "Discovery."

At this time, Plaintiff's two motions for discovery (Doc. 27, 30) are **DENIED** as premature.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." The statutory language clearly authorizes screening even if the prisoner has paid the full filing fee. ***Thompson v. Hicks***, 213 Fed. Appx. 939, 942 (11th Cir. 2007)(citing ***Martin v. Scott***, 156 F.3d 578, 580 (5th Cir. 1998)). Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); ***see also Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. **Brown v. Johnson**, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." **Tannenbaum v. United States**, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. **Hale v. Tallapoosa County**, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See* **Chappell v. Rich**, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

### III. STATEMENT AND ANALYSIS OF CLAIMS

Plaintiff alleges that on July 8, 2010 he was a federal pretrial detainee being held at the Jones County Law Enforcement Center. Plaintiff claims that he and another inmate were in a fight. According to Plaintiff, Defendant Albright intervened, stopped the altercation, took the other inmate to the infirmary, and placed Plaintiff in segregation. Plaintiff states that he informed Defendant Albright that his "thumb was broken and dislocated." Plaintiff alleges that Defendant Albright told

him that he could not see the nurse until the next morning. Plaintiff states that he "relocated his thumb."

Plaintiff alleges that he saw Nurse Pam Stevens[1] and Lt. Monica Senn the next day (July 9, 2010). Plaintiff states that Nurse Stevens informed him that his thumb was not broken and gave him ibuprofen for pain. Apparently, Lt. Senn looked at this right hand and took no action to assist Plaintiff with his injury.

Plaintiff explains that he was involved in another fight with a different inmate approximately two weeks later. This time Sgt. Murry responded, placed Plaintiff in segregation, and took the other inmate to the infirmary. Plaintiff states that he told Sgt. Murry his right hand was "hurting and swollen." Plaintiff maintains that Sgt. Murry told him that "there wasn't anything wrong with it" and left.

Plaintiff states that he was left in segregation for approximately five days and then placed in "lock down for about a week." Plaintiff maintains that when he returned to the general population of the jail, he placed a sick call request because his right hand "was still swollen and a redish (sic) purple color [that] had [started] to turn black."

Plaintiff states that "after a day or two" he was called to the infirmary and Nurse Pam Stevens "said it wasn't broken." However, Lt. Senn "said that since [he] was a federal inmate" she would make an appointment for him to see a doctor. Plaintiff alleges that he saw Dr. Linda Arnold,

---

[1]Plaintiff seems to indicate that only one nurse works at the Jones County Law Enforcement Center and he believes her name is Pam Stevens. Plaintiff will be allowed to conduct discovery in this action at the appropriate time, as discussed in detail below, and if the nurse's name is not Pam Stevens, he may move to amend his complaint at the time he discovers such information.

who took an x-ray and informed him that his "right thumb was broken and had [begun] to grow back wrong because of the 3 weeks [and] 4 days [he] had gone without treatment."

Plaintiff states that he then saw an orthopaedic surgeon on August 10, 2010 who had to perform surgery. Plaintiff indicates that surgery was necessary due to delay in getting proper treatment.

Plaintiff seeks damages against six Defendants: Jones County Nurse Pam Stevens; Sheriff Butch Reece; Lt. Monica Senn; CO2 Albright; Captain Mosteller; and Sgt. Murry.

Plaintiff has made no allegations whatsoever against Sheriff Butch Reece or Captain Mosteller in his complaint. A § 1983 claim must allege a causal connection between a defendant and an alleged constitutional violation. *See Zatler v. Wainwright*, 802 F.d 397, 401 (11th Cir. 1986). The United States Court of Appeals for the Eleventh Circuit has held that a district court properly dismisses defendants where a prisoner, other than naming the defendants in the caption of the complaint, fails to state any allegations that connect the defendants with the alleged constitutional violation. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth*., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Thus, in the absence of any connection between the alleged constitutional violations and Sheriff Butch Reece or Captain Mosteller, Plaintiff fails to state a claim for relief against these Defendants. On that basis alone, these two Defendants should be dismissed.

Moreover, to any extent that Plaintiff is attempting to hold Sheriff Butch Reece and Captain Mosteller responsible for the actions of others who are employed at the Jones County Law Enforcement Center, it is well settled that supervisory officials are not liable under § 1983 solely on the basis of respondeat superior or vicarious liability. ***Brown v. Crawford***, 906 F.2d 667, 671 (11th Cir. 1990). Instead, there must be an affirmative link between a defendant's action and the alleged constitutional deprivation. ***Gilmere v. City of Atlanta***, 774 F.2d 1495, 1504 (11th Cir. 1985). A plaintiff must show one of the following: (1) that the supervisor personally participated in the unconstitutional conduct; (2) that a history of widespread abuse put the supervisor on notice of the need to correct the alleged deprivation, and the supervisor failed to do so; (3) that the supervisor's custom or policy resulted in deliberate indifference to the plaintiff's constitutional rights; or (4) that the facts support an inference that the supervisor instructed his subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them. ***Cottone v. Jenne***, 326 F.3d 1352, 1360 (11th Cir. 2003). In this case, Plaintiff has in no way connected Sheriff Butch Reece or Captain Mosteller to his claims regarding an alleged delay in medical treatment.

Consequently, it is **RECOMMENDED** that Sheriff Butch Reece and Captain Mosteller be **DISMISSED** from this action.

Under 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within fourteen (14) days after being served with a copy of this Order and Recommendation.

At this stage in the litigation, the Court cannot find that Plaintiff's claims against Defendants Pam Stevens, Lt. Monica Senn, CO2 Albright, and Sgt. Murry are completely frivolous . Therefore, this actions shall go forward against these four Defendants.

Accordingly, it is **HEREBY ORDERED AND DIRECTED** that service be made as provided by law upon these four Defendants. Because Plaintiff has paid the full filing fee and is not proceeding *in forma pauperis*, it is his responsibility to serve the Defendants. Accordingly, it is **ORDERED** and **DIRECTED** that the Clerk of Court mail Plaintiff a Rule 4 packet so that he may perfect service on Defendants Pam Stevens, Lt. Monica Senn, CO2 Albright, and Sgt. Murry.

It is hereby **ORDERED** that following service, Defendants file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the *Prison Litigation Reform Act*.

**Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).**

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

### DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendants from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided

prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the Defendants and granted by the court.  This 90-day period shall run separately as to each Plaintiff and each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first).  The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

**SO ORDERED and RECOMMENDED**, this 14th day of July, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

lnb