**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **MANDRIEZ RAMON SPIVEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:11-CV-81 (MTT)** |
| | ) | |
| **BUTCH REECE***, et. al*, | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## ORDER

This matter is before the Court on the Recommendation to Dismiss (the "Recommendation") of United States Magistrate Judge Charles H. Weigle.  (Doc. 33).  The Magistrate Judge, pursuant to 28 U.S.C. § 1915A, recommends dismissing Defendants Sheriff Butch Reece and Captain Mosteller because the Plaintiff failed to allege a causal connection to the alleged constitutional violations, and supervisory officials are not subject to 42 U.S.C. § 1983 liability solely based upon a theory of respondeat superior.  The Plaintiff filed an objection to the Recommendation (the "Objection").  (Doc. 36).  Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered the Objection and has made a de novo determination of the portions of the Recommendation to which the Plaintiff objects.

The Court accepts and adopts the findings, conclusions and recommendations of the Magistrate Judge.  Defendants Sheriff Butch Reece and Captain Mosteller are **DISMISSED**.

The Plaintiff also objects to the Recommendation because it fails to mention claims against Defendant Jones County.[1]  However, a county cannot be liable pursuant to § 1983 based upon a theory of respondeat superior.  *Grech v. Clayton County, Ga*, 335 F.3d 1326, 1329 (11th Cir. 2003).  Rather, "a county is liable only when the county's 'official policy' causes a constitutional violation."  *Id.*  Unless a plaintiff can establish the county has an officially-adopted policy of permitting a particular constitutional violation, that plaintiff "must show that the county has a custom or practice of permitting it and that the county's custom or practice is the moving force behind the constitutional violation."  *Id.* at 1329-30 (citation and quotations omitted).

Here, the Plaintiff's claims against Jones County are for failure to train or supervise, but he cites no officially-adopted policy that caused the alleged constitutional violation.  The Plaintiff also cannot show a custom of failing to train or supervise was the moving force behind the alleged constitutional violations because, like Sheriff Butch Reece and Captain Mosteller, the Plaintiff has failed to establish a causal connection to the alleged constitutional violations.  Thus, Defendant Jones County is **DISMISSED**.

The claims against the remaining Defendants shall remain pending.

**SO ORDERED**, this the 13th day of September, 2011.

s/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] On June 9, 2011, the Magistrate Judge ordered the Plaintiff to file a recast complaint that would replace the Complaint and various Amended Complaints.  (Doc. 24).  The Recast Complaint was filed the day before the Recommendation.  Although the Plaintiff previously had asserted claims against the Jones County Law Enforcement Center, he had not asserted claims against Jones County before the Recast Complaint.